United States District Court

Eastern District of California

| | |
|---|---|
| United States of America, | |
|     Plaintiff, | No. 05-160 GEB |
| vs. | Detention Order (Violation of Pretrial Release, Probation or Supervised Release) |
| Michelle Marie Vasquez, | |
|     Defendant. | |

-oOo-

__x__    After a hearing pursuant to 18 U.S.C. § 3148 (violation of pretrial release order), the court finds:

    __x__    There is probable cause to believe the person has committed a federal, state or local crime while on release and the defendant has not rebutted the presumption that his release will endanger another or the community or

    __x__    There is clear and convincing evidence that the defendant has violated another condition of release and

    _____    based on the factors set forth in 18 U.S.C. § 3142 (g) there is no condition or combination of conditions of release that will assure that the defendant will not flee or pose a danger

1
2
                        to the safety of another person or the community or

    __ X __    the person is unlikely to abide by any condition or combination of conditions of release.  F.R.Cr.P. 32.1(a)(D),46(c), 18 U.S.C. § 3148.

                  Charged with stealing mail and released 3/31/2005.  Tested positive for methamphetamine 4/27/2005, denied need for treatment, and warned "no tolerance for future drug use."  Tested positive again 5/9/2005; conditions modified to include substance abuse treatment; again warned "no more tolerance for continued drug use."  May 31, 2005, tested positive for methamphetamine use.

    _____    Pursuant to F.R.Cr.P.32.1(a) and 46(c) and 18 U.S.C. § 3143 (violation of probation or supervised release) the court finds defendant has not met his burden of establishing by clear and convincing evidence that he will not flee or pose a danger to another person or to the community.

    IT IS ORDERED that pursuant to 18 U.S.C. § 3142(I)(2)(4) defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded reasonable opportunity for private consultation with his counsel.  Upon further order of a court of the United States or request of an attorney for the United States the person in charge of the corrections facility in which defendant si confined shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

    Dated: June 13, 2005.

                                        /s/ Peter A. Nowinski
                                        Peter A. Nowinski
                                        Magistrate Judge